# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

ELIZABETH HOFER,

    Plaintiff,

v.

AUREUS NURSING, LLC,

    Defendant.

CASE NO. 8:18cv163

**JOINT STIPULATED PROTECTIVE ORDER**

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because some of the discovery is anticipated to seek personal information of nonparty employees and witnesses and proprietary business information.

For good cause shown, the Court grants the parties' Joint Motion for Protective Order (Filing No. 17) and hereby enters the following Joint Stipulated Protective Order:

    **1.**    **Scope.** All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below.

2. **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing or receiving party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties. For purposes of this Order, the parties include the following categories of information or documents in the definition of "Confidential Information":

(a) Financial and medical documents;

(b) Non-party personnel files and records; and

(b) Proprietary business documents.

Information or documents that are available to the public may not be designated as Confidential Information.

3. **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party thereby certifies that the

document contains Confidential Information as defined in this Order.

4. **Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

5. **Protection of Confidential Material.**

    **(a)** **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals, or any other related legal proceeding brought by one of the parties to this litigation.

    **(b)** **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

        (i) The parties to this litigation, including any employees, agents, and representatives of the parties;

        (ii) Counsel for the parties and employees and agents of counsel;

        (iii) The court and court personnel, including any special master appointed by the court, and members of the jury;

        (iv) Court reporters, recorders, and videographers engaged for depositions;

        (v) Any mediator appointed by the court or jointly selected by the parties;

        (vi) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such person has been informed by counsel of the protective order and acknowledged in writing that he or she has been provided a copy of the protective order and agrees to abide by its terms as set forth in Exhibit A.

        (vii) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such person has been informed by counsel of the protective order and acknowledged in writing that he or she has been provided a copy

> of the protective order and agrees to abide by its terms as set forth in Exhibit A.

> (viii) The author or recipient of the document (not including a person who received the document in the course of the litigation);

> (ix) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

> (x) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)** **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the parties must maintain a record of all persons who have reviewed or been given access to the documents. This record shall not be discoverable by the opposing party unless good cause is shown for such disclosure.

6. **Filing of Confidential Information**. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under restricted access by filing a motion for leave to file under restricted access.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal or restrictive access. The parties understand that the requested documents may be filed under seal or restricted access only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested

4

documents under restricted access, only counsel of record and unrepresented parties will have access to the documents.

**7. Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Unless and until the Court rules favorably on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

**8. Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**9. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b) Return of Confidential Documents.** Within forty-five (45) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the

document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party in writing that it has done so. Notwithstanding the foregoing, counsel for each party is permitted to retain a complete copy of Confidential Information for a period of two years (or longer if made reasonably necessary by the assertion of an actual claim) for the purpose of defending a malpractice suit.

**(c)** **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

10. **Order Subject to Modification**. This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

11. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection until such time as the court may rule on a specific document or issue.

12. **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made

subject to this Order by its terms.

**13. Jurisdiction.** The court's jurisdiction regarding this Order will terminate on the final disposition of this case; *provided*, however, that any party may file a motion seeking leave to reopen the case to enforce the provisions of this Order for good cause shown.

**14. Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

**15. Protections Extended to Third Party Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party or by the parties to this litigation.

**16. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging

7

a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

**17.     Privileged or Work Product Information.**

(a)     The production of attorney-client privileged or work-product protected electronically stored information ("ESI") or paper documents, whether disclosed inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

(b)     Any party who discloses documents that are privileged or otherwise immune from discovery shall promptly upon discovery of such disclosure, advise the Receiving Party and request that the documents be returned. The Receiving Party shall return such produced documents or certify their destruction, including all copies, within 14 days of receiving such a written request. The party returning such produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

**IT IS SO ORDERED.**

Dated this 16th day of November, 2018

                                                        BY THE COURT:

                                                        s/ Michael D. Nelson
                                                        United States Magistrate Judge

**EXHIBIT A**

**WRITTEN ASSURANCE**

I, the undersigned, do hereby acknowledge that I have read the Stipulation for Protective Order and the Protective Order entered by the Court in the action of *Elizabeth Hofer v. Aureus Nursing, LLC,* and hereby covenant, warrant and agree: (1) to abide in full by its terms regarding the confidentiality of the Confidential Material, as that term is defined in the Stipulation for Protective Order, which I am being provided, and that I will not disclose or cause to be disclosed such Confidential Material to any person not permitted to receive or otherwise access such information under the Stipulation for Protective Order, (2) that such Confidential Material should be used only for purposes necessary for the litigation of the claims between and among the parties to the action of *Elizabeth Hofer v. Aureus Nursing, LLC* and not for any other purpose, whether business or otherwise, and (3) that I will return all Confidential Material that I receive upon my having served the purpose which caused me to receive the Confidential Material in accordance with the provisions of the Stipulation for Protective Order.

Dated this ___ day of _____ 20 __.

By: _____
     [Signature]

_____
[Printed Name]